*560 CLARK, Justice.*
hWe granted certiorari to determine whether the lower courts erred in recognizing the plaintiff as the owner of a predial servitude over land owned by the defendant. For the reasons that follow, we find the laws on acquisitive prescription and precarious possession require reversal of the court of appeal’s ruling. Accordingly, we reverse and render judgment in favor of the defendant.
FACTS AND PROCEDURAL HISTORY
The plaintiff, John Boudreaux (hereinafter referred to as “Boudreaux”), filed suit against the defendant, Paul Cummings (hereinafter referred to as “Cummings”). In the lawsuit, Boudreaux sought recognition of a predial servitude/right of way by virtue of acquisitive prescription and a permanent injunction prohibiting Cummings from interfering with his use of the right of way. Specifically, Boudreaux avers that since at least 1948, he and his ancestors in title have been using a pathway and gate to cross the neighboring property that belongs |?to Cummings and his ancestor in title, the Weills.[1] Testimony established that Boudreaux, his family, and farmers employed by Boudreaux used the right of way to transport farm equipment, to get to and from town for personal errands, and for convenient access to the adjacent road. In 1969, the Weills asked Boudreaux to move the right of way. Boudreaux acquiesced in the request and continued to use the pathway until 2012, when Cummings locked the gate and prevented Bou-dreaux’s use.
Based on the foregoing, Boudreaux alleges that he adversely possessed the predial servitude for thirty years and is entitled to ownership thereof.[2]
Cummings filed a motion for summary judgment, contending that Boudreaux was a precarious possessor. As such, he argues acquisitive prescription never began to run in Boudreaux’s favor. The trial court denied the motion for summary judgment, finding genuine issues of material fact remained. The matter went to trial on July 8, 2013. The trial court found precarious possession was irrelevant to a discussion of ownership of an incorporeal immovable, such as a predial servitude. The trial court rendered judgment in favor of Boudreaux, ruling that the Boudreaux *561 estate acquired a right of way over the Cummings estate by way of acquisitive prescription.
Cummings appealed. The court of appeal affirmed the judgment. Boudreaux v. Cummings, 13-1291 (La.App. 3 Cir. 6/11/14), 138 So.3d 797. In affirming, the majority held that, under the manifest error standard, there was adequate evidence for the trial court to conclude that Bou-dreaux was using the |sright of passage on his own behalf, rather than as a precarious possessor. The court of appeal cited to record testimony regarding Boudreaux and his family’s use of the right of way for over thirty years and found that the Weills’ awareness of the use was “sufficient to show the elements of acquisitive prescription [had] been met.” Judge Amy dissented, finding Boudreaux had permissive use of the passage and, therefore, could not satisfy the requirements to prove ownership by acquisitive prescription.
Cummings filed the instant writ application, contending the lower courts erred. We granted certiorari to determine whether a predial servitude was established by .acquisitive prescription. Boudreaux v. Cummings, 14-1499 (La.11/7/14), 152 So.3d 163.
APPLICABLE LAW
When reviewing courts find that a reversible error of law was made in the lower court, appellate courts are required to re-determine the facts de novo from the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Louisiana Civil Code Article 740 provides: “Apparent servitudes may be acquired by title, by destination of the owner, or by acquisitive prescription.” Louisiana Civil Code Article 742 provides: “The laws governing acquisitive prescription of immovable property apply to apparent servitudes. An apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith.”
Louisiana Civil Code Article 3437 defines precarious possession as “the exercise of possession over a thing with the permission of or on behalf of the owner or possessor.” “Acquisitive prescription does not run in favor of a precarious possessor or his universal successor.” La. Civ.Code art. 3477. LExcluding a co-owner, any precarious possessor or his universal successor may commence to prescribe when he gives actual notice to the person on whose behalf he is possessing that he intends to possess for himself. La. Civ.Code art. 3478.
DISCUSSION

Standard of Review

Despite the court of appeal’s statement to the contrary, a review of the record indicates the trial court did not make a factual finding as to whether Boudreaux was a precarious possessor. Rather, the trial court found that precariousness does not apply to incorporeal immovables. However, the Louisiana Civil Code clearly states that the laws of acquisitive prescription of immovable property apply to apparent servitudes. La.Civ.Code art. 742. Precariousness, or the. lack thereof, is a legal concept relevant to acquisitive prescription, and is, thus, applicable to apparent servitudes, such as the right of way over Cummings’ land. See La.Civ.Code art. 3477. Accordingly, the trial court legally erred, necessitating a de novo review by this court. .

*562
Nature of the Possession

In resolving this matter, we must first determine whether Boudreaux was a precarious possessor of the predial servitude. If he was possessing precariously, the second step of the analysis tasks this court with ascertaining whether Bou-dreaux gave actual notice to the. landowner (either Cummings or his ancestor in title) that he (or his own ancestor in title) was beginning to possess on his own behalf so as to commence the accrual of the acquisitive prescription-period. See La.Civ.Code art. 3478.
Boudreaux asserts that his possession of the right of passage is presumed to be on his own behalf, pursuant to La.Civ.Code art. 3427, which provides, “[o]ne is presumed to intend to possess as owner unless he began to possess in the name of and for another.” Thus, it is the landowner’s duty to show that such use was | ^merely an accommodation. Boudreaux argues that Cummings’ failure to object to his use of the right of way does not amount to consent by the landowner, i.e., precarious possession.
Conversely, Cummings contends Bou-dreaux was merely using the right of way with his or the Weills’ permission in a gesture of neighborly accommodation. Thus, acquisitive prescription could not run in Boudreaux’s favor absent a showing of actual notice of his commencement of adverse possession.
We disagree with Boudreaux’s characterization of the scenario as equating a “failure to object” with “permission.” However, we do find support in the law for implied or tacit permission being the basis of precarious possession. The pre-1982 version of Louisiana Civil Code art. 3490 provided:[3]

The circumstances of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing.

Thus, those who possess precariously, that is, by having prayed the master to let them have the possession, do not deprive him thereof, but, possessing by his consent, they possess for him. [Emphasis added].
Professor A.N. Yiannopoulos, in the Civil Law Treatise on Predial Servitudes, explained that the French article, on which the Louisiana article was based, more accurately translates as “acts that are the exercise of a prerogative, and those of simple tolerance, cannot be the foundation of either possession or prescription.”[4] (Emphasis added). Yiannopoulos further explained in his discussion of precarious possession:
Such a possessor may acquire neither ownership nor a servitude by prescription.
lfiThus, one who uses a servitude of passage by virtue of a lease granted to him by the owner of the dominant estate may not acquire by prescription the servitude of passage for himself; and one who uses an aqueduct with the express or tacit permission of the owner of the estate on which the aqueduct is located may not, by prescription, acquire a servitude of aqueduct. The owner of the estate on which the passage of aqueduct is located may tolerate certain invasions in the spirit of good neighborhood or in the pursuit of his own interests; in neither case is he presumed to have *563 consented to a servitude. Moreover, the person who encroaches on the rights of the landowner with his express or tacit permission does not have the intent to acquire a servitude; he implicitly recognizes that the ownership of the estate is unencumbered and prescription does not run in his favor.
Article 3490 of the Louisiana Civil Code of 1870, corresponding with Article 2322 of the French Civil Code, declared that acts of simple tolerance could not be the foundation of either possession or prescription. The purpose of this provision was to maximize the use of immovable property in the general interest. If acts of simple tolerance were to be considered as acts of adverse possession, landowners would be compelled to object to innocent or occasional invasions for fear that their lands would be burdened with predial servitudes.
Id. (Emphasis added).
Yiannopoulos further opined that while Article 3490 was not produced in the 1982 revision of the Louisiana Civil Code, he believed its absence was merely because the provision is “self-evident.” Id. Moreover, Professor Symeon C. Symeonides explained the change in the law on precarious possession as follows:[5]
The articles of the old law dealing with precarious possession were spread out in three different parts of the Code and were quite repetitive. They could be found in the chapter on possession, [old articles] 3433, 3441, 3445-3446; in the subsection on the ten-year acquisitive prescription, [old articles] 3489-3490; and in the subsection on the causes which prevent acquisitive prescription, [old articles] 3510-3515. The new law is far more concise but still regulates precarious possession in two different parts of the Code, first in the title on possession, [new articles] 3428-3429, 3437-3440, and then in the title on prescription, [new articles] 3477-3479.
|7Symeonides, like Yiannopoulos, is of the opinion that the changes in the Civil Code regarding precarious possession were merely for organizational purposes, and not substantive changes. As such, we find the concept of implied permission as it relates to precarious possession is still a viable theory of our civilian law. Accordingly, even in the absence of express permission, tacit permission can be presumed under the limited circumstances where “indulgence” and acts of “good neighborhood” are present. As applied to the instant case, we find that Cummings’• neighborly act of tolerance (and that of his ancestor in title, the Weills) cannot be, and is not, the foundation of adverse possession needed for the purposes of acquisitive prescription. Rather, Boudreaux was possessing the right of passage precariously.
Deconstructing the requisites of acquisitive prescription further bolsters our holding. Louisiana Civil Code article 742, as referenced above, provides “the laws governing acquisitive prescription of immovable property apply to apparent servi-tudes.” Therefore, the attributes of possession are applicable. The possessor must intend to possess as owner and must take corporeal possession of the thing. La.Civ.Code art. 3424. The possession must be uninterrupted and free of vices, ie., continuous, public, peaceable, and unequivocal. La.Civ.Code arts. 3435 and 3476. The possession must be adverse; it must be an unauthorized use that infringes on the ownership of the *564 servient estate.[6] (Emphasis added). One who merely exercises a right has nothing to prescribe. Id. With these governing principles in mind, we find support for the conclusion that Cummings’ awareness of Boudreaux’s use and his allowance thereof marks Boudreaux’s use as an authorized use that cannot be characterized as adverse under the circumstances.
Further, we address the contention that Boudreaux’s acquiescence in the request to move the gate is somehow dispositive of the issue. Mr. Cummings relies on this |sact to show that Mr. Boudreaux complied with his request, revealing his status as a permissive user. Mr. Boudreaux, though, relies on the act to show that he owned the right of way and as the owner of the dominant estate, he was merely fulfilling his codal obligation of accommodating the servient estate. See art. La.Civ.Code art. 748 (“if the original location has become more burdensome for the owner of the servient estate ... he [the owner of the servient estate] may provide another equally convenient location for the exercise of the servitude which the owner of the dominant estate is bound to accept.”) With legal explanations supporting both sides of the issue, we do not find this fact offers any definitive resolution to the underlying issue of ownership of the right of way, and, is, thus, irrelevant to our analysis.
Having concluded that Boudreaux and/or his ancestor in title began his possession precariously, the second step in the two-fold analysis instructs us to determine whether actual notice was ever given to the landowner, be it Cummings or the Weills, that Boudreaux intended to possess for himself so as to authorize the commencement of the prescriptive period. La. Civ.Code art. 3478.
Louisiana Civil Code Article 3438 provides: “A precarious possessor, such as a leásee or a depositary, is presumed to possess for another although he may intend to possess for himself.” Thus, by virtue of his status as a precarious possessor, Bou-dreaux is presumed to have possessed on behalf of Cummings, regardless of whether he intended to possess for himself. As such, testimony or evidence beyond Bou-dreaux’s intent is required to terminate his precariousness. Boudreaux must have given actual notice of his intent sufficient to alert the landowner that his property was in jeopardy. Delacroix Corp. v. Perez, 98-2247, p. 10 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 869, writ denied, 00-3245 (La.1/26/01), 782 So.2d 635, citing Armstrong v. Armstrong, 493 So.2d 253 (La.App. 3 Cir.), writ denied, 496 So.2d 353 (La.1986). Apart from the continued use of |flthe right of way, we find nothing in the record that indicates actual notice was given to the landowner that Boudreaux intended to change the nature of his possession. Accordingly, we find Boudreaux never terminated his precarious possession by giving actual notice to Cummings or his ancestor in title, thereby preventing the commencement of acquisitive prescription.
Our holding today is strictly limited to the facts before us. We recognize the validity in both parties’ arguments and admit the ownership of the right of passage was not a clear cut determination. However, La.Civ.Code art. 730 clearly states “[d]oubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the ser-vient estate.” This court has declared that “servitudes are restraints on the free dis- *565 posai and use of property, and are not, on that account, entitled to be viewed with favor by the law.” Cont’l Grp., Inc. v. Allison, 404 So.2d 428, 440 (La.1981), citing Parish v. Municipality No. 2, 8 La. Ann. 145, 147 (1853), cited with-approval in Buras Ice Factory, Inc. v. Department of Highways, 235 La. 158, 103 So.2d 74 (1958).
CONCLUSION
For the foregoing reasons, we find Bou-dreaux was a precarious possessor of the predial servitude, who never gave actual notice of his intent to possess on his own. Accordingly, acquisitive prescription could not and did not run in his favor. We reverse the court of appeal’s judgment and render judgment in favor of Cummings.
REVERSED AND RENDERED.

 Retired Judge H. Charles Gaudin, assigned as Justice ad hoc, sitting for Guidry, J., recused.

. The trial transcript and briefs indicate the surname of the ancestor in title is "Wilde”. However, the public record filings in the record before us use the surname of "Weill,” which we adopt throughout our opinion.

. For ease of reading, we employ the word "possession” in reference to Boudreaux’s use of the right of passage. However, we observe that the proper civilian term when speaking of possession of a real right is "quasi-possession.” See La.Civ.Code art. 3421 (“[t]he exercise of a real right, such as a servitude, with the intent to have it as one's own is quasi-possession. The rules governing possession apply by analogy to the quasi-possession of incorporeals.”)

. The Civil Code articles on precarious possession were revised by La. Acts 1982, No. 187, effective January 1, 1983.

. 4.A.N. Yiannopoulos, Louisiana Civil Law Treatise, Predial Servitudes, § 139, (3d ed. 1997).

. Symeonides, One Hundred Footnotes to the New Law of Possession and Acquisitive Prescription, 44 La.L.Rev. 69, 81 (1983).

. 4.A.N. Yiannopoulos, Louisiana Civil Law Treatise, Predial Servitudes, § 138, (3d ed.1997).