STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1136

**MELINDA KATZ**

**VERSUS**

**RANDY CREEL**

Judgment Rendered:_____JUN 1 4 2024_____

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court Docket Number 2020-0001612, Div. "A"

Honorable Jeffrey Johnson, Judge Presiding

* * * * * * *

Cory B. Blunk
Renee R. Molland
Amite, Louisiana

Counsel for Plaintiff/Appellant,
Melinda Katz


D. Mark Valentine
Charles V. Genco
Lindy L. Hicks
Amite, Louisiana

Counsel for Defendants/Appellees,
Randy Creel, Jerri Lyne Creel,
James Overstreet, and
Donna Overstreet


* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

This appeal addresses whether the trial court erred by finding that the plaintiff failed to satisfy her burden of proving she acquired a predial servitude of passage over the defendants' property through thirty-year acquisitive prescription. After review, we affirm.

## FACTS AND PROCEDURAL HISTORY

Melinda Katz (plaintiff/appellant) filed suit for declaratory judgment recognizing that she acquired a predial servitude of passage over property owned by her neighbors, Randy Gerald Creel, Jerri Lyne Creel,[1] James D. Overstreet, and Donna Overstreet (defendants/appellees).[2] Ms. Katz also sought a permanent injunction prohibiting the defendants from obstructing, affecting, damaging, or otherwise causing the road to become impassable.[3] The defendants answered the petition generally denying Ms. Katz's factual allegations.

A bench trial was held in November 2022. The Creel and Overstreet defendants were represented at trial; however, testimony and evidence focused solely on whether Ms. Katz obtained a servitude on Randy Creel's property. It was established that Mr. Creel purchased his property in 1987, has lived there almost continuously since that time, and that a road existed on his property before 1987. Although Mr. Creel improved the condition of the road in 2010, it has always been in approximately the same location.

---

[1] "Geri" Lyne Creel was named as a defendant. "Jeri" Lyne Creel filed an answer to the petition; however, judgment was rendered in favor of "Jerri" Lyne Creel. We refer to this party as "Jerri" Lyne Creel in accordance with the "First Amending Judgment" signed on April 22, 2024.

[2] Brenda Overstreet Doughty was also named as a defendant but did not answer the petition or make an appearance of record. The April 22, 2024 "First Amending Judgment" denied all relief sought by Ms. Katz and dismissed Ms. Katz's suit with prejudice. Ms. Katz did not assign error to the trial court's dismissal of her claims against Doughty. We also note that Ms. Katz's counsel prepared, submitted, and signed the April 22, 2024 "First Amending Judgment" and did not oppose or object to the dismissal of Ms. Katz's claims against Doughty. Thus, Ms. Katz acquiesced in the dismissal of any claims pending against Brenda Overstreet Doughty and could not have appealed the dismissal of these claims. See La. C.C.P. art. 2085.

[3] The trial court granted Ms. Katz's request for an ex parte temporary restraining order on June 30, 2020.

2

Ms. Katz's property belonged to the Saizan family before she acquired it from her ex-husband, Frank Saizan. The parties stipulated that Ms. Katz and her ancestors-in-title, Frank Saizan's family, have used the road on Mr. Creel's property since at least 1987 to access Ms. Katz's property.

Mr. Creel, a Saizan family relative, testified that he gave express permission to Frank Brown (deceased), a member of the Saizan family and the original owner of Ms. Katz's property, to use the road. When Mr. Creel moved onto the property, he told Frank Brown he could use the road "as long as there wasn't any problem[.]" The trial court asked Mr. Creel, "You are not denying that they always used that general area [the road] to get back to this house [on Ms. Katz's property]; you are just saying it was always by permission?" Mr. Creel responded, "Yes, sir."

Mr. Creel further testified that Frank Brown and "Aunt Mamie" (deceased), another member of the Saizan family, expressly acknowledged the road "wasn't theirs" and, instead, belonged to Mr. Creel. At times, members of the Saizan family were concerned that Mr. Creel would block their access to the road. Frank Saizan testified that his grandfather, Frank Brown, "must have" agreed that Mr. Creel or his ancestors-in-title owned the property where the road was located because Mr. Brown "didn't throw it off."

According to Mr. Creel, every use, including use by Ms. Katz, was with his permission. Mr. Creel testified that he allowed the Saizan family and Ms. Katz to use the road to be "neighborly and family" and to "get along." However, on several occasions, Mr. Creel told Ms. Katz he would block the road if people did not stop speeding and failed to follow his rules. They complied and slowed down. Mr. Creel testified that, after a similar conversation in 2016, Ms. Katz asked Mr. Creel to provide her with advanced notice if he decided to block her access to the road. He agreed. Ms. Katz recalled a prior conversation with Mr. Creel when he "threatened to block the property."

3

Both Mr. Creel and Ms. Katz confirmed that Mr. Creel was not given notice that Ms. Katz intended to possess or use the servitude as her own. In 2020, Mr. Creel advised Ms. Katz in a letter that he intended to block the road. Mr. Creel explained at trial that he needs the land where the road is located to build an addition to his home.

After hearing testimony from several witnesses and considering the parties' documentary evidence, the trial court ruled in favor of the defendants, finding Ms. Katz and her ancestors-in-title used the road with Mr. Creel's permission and were, therefore, precarious possessors. Consequently, Ms. Katz did not acquire a servitude by acquisitive prescription because Mr. Creel was not given notice of her intent to possess as owner. The trial court signed a judgment in accordance with this ruling on April 10, 2023.[4] This appeal by Ms. Katz followed.

After the appeal was lodged, this court determined the April 10, 2023 judgment failed to state whether Ms. Katz's suit was dismissed in its entirety and with prejudice and, therefore, lacked decretal language. See La. C.C.P. arts. 1841, 1918, and 2083(A); Carter v. Carter, 2021-1173 (La. App. 1st Cir. 5/12/22), 342 So.3d 391, 394. The matter was twice remanded for the limited purpose of having the trial court sign an amended judgment correcting this deficiency. See La. C.C.P. arts. 1918, 1951, and 2088(A)(12).[5] The record was supplemented with a "First Amending Judgment," signed on April 22, 2024, which denies all relief sought by Ms. Katz in her petition for declaratory judgment and injunctive relief, dismisses Ms. Katz's suit with prejudice, and expressly states the judgment resolves all issues.[6]

---

[4] The April 10, 2023 judgment also denied Ms. Katz's request for a permanent injunction and vacated the preliminary injunction previously granted in favor of Ms. Katz.

[5] Pursuant to this court's first interim order, dated February 29, 2024, the record was supplemented with an amended judgment signed by the trial court on March 20, 2024. This court issued a second interim order on April 2, 2024, which resulted in the April 22, 2024 "First Amending Judgment."

[6] The April 22, 2024 "First Amending Judgment" also rescinded, vacated, or otherwise terminated the temporary restraining order, preliminary injunction, "or other similar Order" previously rendered by the trial court in favor of Ms. Katz.

4

Thus, we find the April 22, 2024 "First Amending Judgment" contains the required decretal language and is final and appealable. See La. C.C.P. arts. 1841, 1918, and 2083(A).

## DISCUSSION

In related assignments of error, Ms. Katz challenges the trial court's factual finding that she and her ancestors-in-title were precarious possessors required to notify Mr. Creel that she intended to possess or use the servitude as owner.[7] Ms. Katz further asserts the trial court erred by failing to find she acquired a predial servitude through acquisitive prescription.

### *Standard of Review*

An appellate court's review of factual findings is governed by the manifest error or clearly wrong standard. *Carr & Associates, Inc. v. Jones*, 2022-0946 (La. App. 1st Cir. 5/10/23), 368 So.3d 593, 603, *writ denied*, 2023-00795 (La. 10/3/23), 370 So.3d 1075. To reverse a trial court's factual conclusions, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Mizell v. Willis*, 2020-0915 (La. App. 1st Cir. 7/29/21), 329 So.3d 302, 307-08, *writ denied*, 2021-01245 (La. 12/7/21), 328 So.3d 422. Under the manifest error standard, which demands great deference be given to the trial court's factual findings, the issue to be resolved on appeal is not whether the trial court was

_____

[7] The trial court denied Ms. Katz's motion for new trial on June 1, 2023. In brief, Ms. Katz states she is appealing the judgment denying her motion for new trial, in addition to the April 10, 2023 judgment. This court considers an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that she intended to appeal the merits of the case. *Carpenter v. Hannan*, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So.2d 226, 228-29, *writ denied*, 2002-1707 (La. 10/25/02), 827 So.2d 1153. We consider Ms. Katz's appeal from the judgment on the merits only, since Ms. Katz did not assign error to the trial court's denial of the motion for new trial nor did Ms. Katz brief the issue. See *Deubler v. Bogalusa City Schools*, 2018-0312 (La. App. 1st Cir. 9/21/18), 262 So.3d 393, 401 (Under Uniform Rules, Courts of Appeal – Rule 2-12.4(B)(4), this court may consider as abandoned any assignment of error that has not been briefed.).

5

right or wrong, but whether its conclusions are reasonable. *Gaines v. Lemoine*, 2019-0551 (La. App. 1st Cir. 2/21/20), 297 So.3d 775, 778.

Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. *Gaines*, 297 So.3d at 778. Similarly, where factual findings are based on determinations regarding the credibility of witnesses, the trier of fact's findings demand great deference and are virtually never manifestly erroneous or clearly wrong. *Carr*, 368 So.3d at 604. Only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Gaines*, 297 So.3d at 778. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Carr*, 368 So.3d at 604.

### Applicable Law and Analysis

A predial servitude is a charge on a servient estate for the benefit of a dominant estate. La. C.C. art. 646. A servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate. La. C.C. art. 705. An apparent predial servitude, such as a roadway, may be acquired by acquisitive prescription. La. C.C. arts. 707, 740, and 742. Thus, an apparent servitude may be acquired by peaceable and uninterrupted possession of the right for ten years in good faith and by just title; it may also be acquired by uninterrupted possession for thirty years without title or good faith. La. C.C. art. 742. Doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate. La. C.C. art. 730. Servitudes are not viewed favorably by the law, because they constitute restraints on the free disposal and use of property. *Boudreaux v. Cummings*, 2014-1499 (La. 5/5/15), 167 So.3d 559, 564-65.

To acquire possession through acquisitive prescription, the possessor must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424. The possession must be uninterrupted and free of vices, i.e., continuous, public, peaceable, and unequivocal. La. C.C. arts. 3435 and 3476. The possession must be adverse; thus, it must be an unauthorized use that infringes on the ownership of the servient estate. *Mizell*, 329 So.3d at 310. One is presumed to intend to possess as owner unless he began to possess in the name of and for another. La. C.C. art. 3427. Thus, it is the landowner's duty to show another's use of his property was merely an accommodation. *Boudreaux*, 167 So.3d at 562.

Such an accommodation may give rise to a finding of precarious possession, which is the exercise of possession over a thing with the permission of or on behalf of the owner or possessor. La. C.C. art. 3437; *Boudreaux*, 167 So.3d at 564. Acquisitive prescription does not run in favor of a precarious possessor or his universal successor. La. C.C. art. 3477. One who merely exercises a right has nothing to prescribe. *Boudreaux*, 167 So.3d at 564. Excluding a co-owner, any precarious possessor or his universal successor may commence to prescribe when he gives actual notice to the person on whose behalf he is possessing that he intends to possess for himself. La. C.C. art. 3478.

It is undisputed that Mr. Creel has title to the property where the road is located. Therefore, Ms. Katz sought recognition of a servitude by thirty-year acquisitive prescription. Ms. Katz bore the burden of proving adverse possession without interruption for thirty years by a preponderance of the evidence. *Marcello v. Jo-Blanche Corp.*, 2020-1113 (La. App. 1st Cir. 6/4/21), 330 So.3d 632, 644, *writ denied*, 2021-01666 (La. 1/19/22), 331 So.3d 330.

After reviewing the record, we find no manifest error in the trial court's factual finding that Ms. Katz and her ancestors-in-title were precarious possessors of the road. The trial court accepted Mr. Creel's testimony concerning his conversations

7

with Ms. Katz's ancestors-in-title. They were given Mr. Creel's permission to use the road and understood it was his property. It further appears the trial court credited Mr. Creel's testimony that Ms. Katz and her ancestors-in-title used the road subject to Mr. Creel's rules, recognizing his authority to restrict their use of the road and to terminate their access at his election. Ms. Katz offered no testimony to contradict Mr. Creel's assertion that all use of the road was with his permission – it was merely an accommodation. See *Boudreaux*, 167 So.3d at 562. Use by Ms. Katz and her ancestors-in-title was not "unauthorized" or "notorious" adverse possession. See *Mizell*, 329 So.3d at 311.

In *Boudreaux*, 167 So.3d at 560, the plaintiff sought to be recognized as the owner of a predial servitude over land owned by the defendant. Like Ms. Katz, the plaintiff alleged he acquired a predial servitude/right of way on his neighbor's property by virtue of thirty-year acquisitive prescription. *Boudreaux*, 167 So.3d at 560. Trial testimony established the plaintiff and his ancestors-in-title used the path at issue on the defendant's property to transport farm equipment, to get to and from town for personal errands, and for convenient access to the adjacent road. *Boudreaux*, 167 So.3d at 560. After examining the principles of precarious possession, the Louisiana Supreme Court concluded the plaintiff's use was authorized, since the defendant was aware of and allowed such use, making the plaintiff a precarious possessor. *Boudreaux*, 167 So.3d at 564. In the absence of the landowner's express permission, tacit permission may be presumed under the limited circumstances where "indulgence" and acts of "good neighborhood" are present. *Boudreaux*, 167 So.3d at 563.

Although *Boudreaux*, 167 So.3d at 564, was "strictly limited" to the facts before the court, the facts of this case are substantially similar to those in *Boudreaux*. Here, however, the facts are even more compelling, considering Mr. Creel's

8

testimony that he gave express permission to Ms. Katz's ancestors-in-title to use the road. Tacit permission need not be presumed.

This court considered similar facts in *Mizell*, 329 So.3d at 311, and citing *Boudreaux*, 167 So.3d 559, reached the same conclusion. In *Mizell*, the defendants alleged they acquired a servitude of passage over a road on the plaintiffs' property through acquisitive prescription due to their constant, undisturbed use of the road for over thirty years. *Mizell*, 329 So.3d at 306, 311. This court concluded the plaintiffs gave tacit permission for the defendants to use the road on their property, making the defendants precarious possessors. *Mizell*, 329 So.3d at 311.

We also agree with the trial court's finding that, because Ms. Katz and her ancestors-in-title were precarious possessors, Ms. Katz was required to give actual notice to Mr. Creel of her intent to possess as owner. La. C.C. art. 3478. It is undisputed that no such notice was given. See *Boudreaux*, 167 So.3d at 564 (finding the plaintiff never terminated his precarious possession by giving actual notice to the defendant or his ancestor in title, thereby preventing the commencement of acquisitive prescription). See also *Mizell*, 329 So.3d at 311 (finding the defendants never gave actual notice to the plaintiffs of their intent to possess the road for themselves and, thus, remained precarious possessors; acquisitive prescription could not run). Thus, the record supports the trial court's conclusion that Ms. Katz failed to prove she acquired a servitude of passage through acquisitive prescription.

### *Issues Not Properly Raised*

Ms. Katz asserts, as an assignment of error, that the trial court erred by finding Ms. Katz failed to prove she was the owner of a servitude as an enclosed estate, i.e., an estate that has no access to a public road or utility. See La. C.C. art. 689. However, the trial court made no such finding. As the defendants point out, Ms. Katz did not raise this issue before the trial court. As a general rule, appellate courts will not consider issues that were not raised in the pleadings, were not addressed by

9

the trial court, or are raised for the first time on appeal. *JKMonte Investments, LLC v. Acadian Properties Austin, LLC*, 2020-0204 (La. App. 1st Cir. 12/30/20), 319 So.3d 354, 361. We decline to address this issue for the first time on appeal.[8]

Ms. Katz also asserts, as an assignment of error, that the trial court "erred in failing to accept the depiction of the road bed on multiple servitudes...." Ms. Katz did not brief this issue; thus, it is deemed abandoned. See *Deubler v. Bogalusa City Schools*, 2018-0312 (La. App. 1st Cir. 9/21/18), 262 So.3d 393, 401 ("Under Uniform Rules, Courts of Appeal – Rule 2-12.4(B)(4), this court may consider as abandoned any assignment of error that has not been briefed.")

## DECREE

We affirm the April 22, 2024 "First Amending Judgment" rendered in favor of Randy Creel, Jerri Lyne Creel, Donna Overstreet, and James Overstreet and against Melinda Katz, denying, in all respects and with prejudice, the relief prayed for by Ms. Katz in her petition for declaratory judgment and injunctive relief and dismissing Ms. Katz's suit with prejudice. All costs of this appeal are assessed against the plaintiff, Melinda Katz.

**AFFIRMED.**

---

[8] Nevertheless, we note Ms. Katz testified that the front portion of her property touches the public highway.